# CARMEN TORRES, ETC.,

## *v.*

# LUIS RUBERT Y CATALÁ ET AL.

---

San Juan, Law, No. 965.

IN THE MATTER OF RULE TO SHOW CAUSE ISSUED AGAINST FRANCISCO TORRES.

Contempt—Evidence.

1. On hearing the evidence as to alleged intimidation of witnesses, the court is guided, as in other cases, by the character and demeanor of witnesses personally brought before it, and fines accordingly.

Torres v. Rubert y Catalá.

Witnesses—Violating the Rule.

  2. The fact that witnesses violate the rule by conversing about the case is a contempt of court, and will be treated accordingly.

Same—Reprimand.

  3. Where violating the rule came before the court for the first time, it reprimanded and warned the offenders, deeming more unnecessary.

Opinion filed December 17, 1913.

---

*Mr. Francis Neagle* for plaintiff.

*Mr. F. H. Dexter* for defendant.

HAMILTON, Judge:

1. Torres and Diaz, you have been brought before the court in a matter of contempt, Torres being the real defendant, and Diaz the man who made the accusation. The accusation, which unfortunately got before the jury, was that defendant Torres attempted to intimidate the witness Diaz in the precincts of the court. The matter deserved, and has received, immediate investigation. I have heard the evidence of both parties and other witnesses, and it is directly in conflict, Diaz alleging intimidation without any hesitation whatever, and Torres denying it quite as emphatically. It is simply a question which one the court is to believe.

The court, from the demeanor of the parties and their general appearance, has no hesitancy in saying that it believes the account given by defendant Torres, and disbelieves that given by Diaz. The result is that the court does not believe the charge of intimidation, and dismisses it.

Torres v. Rubert y Catalá.

2. There remains, however, another phase of the matter. Both were witnesses, and both were charged not to converse about the case, and, by the evidence of each of them, both did converse about the case. That probably does not assume the same degree as intimidation, but, nevertheless, it is a disobedience of the necessary and usual orders of the court, and must be noticed. It is no pleasure to the court at all, but at the same time justice must be administered in an orderly manner. It seems that this matter has never come up before anywhere, so far as I can learn, and this particular violation grew out of an old quarrel between the parties, which unfortunately was renewed within the precincts of the court. It was probably due to this that they forgot the instructions of the court.

3. The dignity of this court requires no vindication, and the court is not disposed on this first occasion to do more than make a public reprimand, and let it be known as publicly as can be that such acts, not only by themselves, but by anyone else, will be punished by fine and imprisonment. On this occasion, however, the court will simply tell the parties that they have violated a rule of the court, and that the court is very much displeased at such conduct. No further notice, however, will be taken of the matter, it being the first offense, with this exception. Defendant Torres is discharged. The witness Diaz is also discharged, but the testimony given by him on the two occasions will be copied out *in extenso* by the stenographer and placed in the hands of the district attorney for such proceeding, if any, as it may seem to call for. It may involve a serious matter, but, as the court may have to pass on it later, nothing will be adjudged at present. The witness Diaz will hold himself ready to obey any direction from the district attorney.